lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WESTAR ENERGY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-4116-JAR |
| ) | |
| DOUGLAS T. LAKE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER DENYING WESTAR'S MOTION FOR PARTIAL STAY PENDING APPEAL

This matter is before the Court on Westar Energy Inc.'s ("Westar") motions relating to the Court's June 28, 2007 Order as modified by its August 22, 2007 Order: Motion for Emergency Stay Pending Resolution of Motion for Partial Stay (Doc. 101); Motion for Partial Stay Pending Appeal (Doc. 101); and Motion for Clarification (Doc. 106). The Court held a hearing on September 5, 2007, and took the motion for partial stay under advisement.[1] After considering the submissions and statements of counsel, the Court is ready to rule. For the reasons explained in detail below, the Court denies Westar's motion for partial stay.

*Background*

The issue of Westar's obligation to advance legal fees and expenses has a protracted history, particularly with respect to the related Criminal Case.[2] The Court will not recount the history of the legal fees issue here, as this issue has been considered by the Court in its June 28,

---

[1] The Court also took under advisement defendant Douglas Lake's Motion for Order to Show Cause Why Westar Should Not be Held in Civil Contempt (Doc. 89). The Court will address that motion in a separate order.

[2] Case No. 03-40142-JAR.

2007 Order ("the Order") (Doc. 82) as modified by the August 22, 2007 Order ("the Supplemental Order") (Doc. 100). Rather, the Court will recount only those facts necessary to understand the posture of Westar's instant motion to partially stay enforcement of the Order pending its interlocutory appeal.

Westar seeks partial stay of the Order, as modified, pending appellate review. Westar seeks a stay of the Order only in so far as it grants retrospective relief and requires Westar to make immediate payment of 50% of the outstanding requests for advancement of fees for out-of-state counsel, Hughes Hubbard and Wilmer Hale, and payment in full for local counsel, Hite Fanning. While Westar does not seek a stay of the portion of the Order relating to prospective relief, it does intend to appeal the merits of that portion of the ruling. Westar did not move for a stay until the Court denied its motion for bond on August 22, 2007 (Doc. 100).

On September 5, 2007, after announcing its intent to do so at the hearing, the Kansas City law firm of Blackwell Sanders LLP formally entered its appearance in both this matter and the Criminal Case.[3] Lake's non-local counsel, Hughes Hubbard, clarified that it would continue to represent Lake in the Criminal Case on a limited basis, assisting Blackwell Sanders in its transition as trial counsel. Once this is accomplished, Hughes Hubbard will formally withdraw and will not represent Lake at the third trial.[4]

---

[3](Doc. 108); Case No. 03-40142-JAR (Doc. 845.)

[4]There was some discussion at hearing of the possibility that an associate from Hughes Hubbard, who had participated in the first and second trials, would assist Blackwell Sanders at the third trial, but no agreement has been reached.

*Discussion*

Fed. R. App. P. 8(a)(1) provides that a motion for stay of proceedings pending appeal must ordinarily first be sought in the district court. Four factors apply to the Court's consideration of Westar's motion for stay: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to the opposing party if the stay is granted; and (4) the harm to the public interest.[5]

### A. Likelihood of Success on the Merits

Westar devotes a considerable portion of its brief to the issue of likelihood of success on appeal. Highly summarized, Westar contends that the Order directing payment of retrospective past due fees is erroneous because the Court deferred ruling on what was ultimately reasonable until the indemnification stage of the proceedings. Westar contends this inconsistency is error. Westar also argues that the Court's ruling that the hourly rate charged by non-local counsel is not per se unreasonable is erroneous. Westar rests these contentions on many of the same arguments that the Court previously considered in granting defendant Lake's partial motion for summary judgment.

Westar's chances of success on appeal are limited. First, it appears that the Tenth Circuit lacks jurisdiction over any appeal. As set forth in the order denying Westar's request for bond, Lake's motion for summary judgment on his counterclaim for breach of contract clearly sought a ruling as a matter of law on the liability issue, as well as partial relief for fees requested to be advanced for the second trial and appeal. In supplemental briefing requested by the Court, Lake requested that any order granting his summary judgment include, in addition to money damages,

---

[5]10th Cir. R. 8.1.
3

equitable relief that Westar be required to fully comply with its contractual advancement obligation on a prospective basis. At no time did the parties or the Court consider Lake's request for relief on its breach of contract counterclaim to be a request for preliminary injunction subject to Fed. R. Civ. P. 65. Moreover, Westar's characterization of the Order as a preliminary injunction ignores the Court's modified ruling that Westar's failure to advance any fees to Lake for the second trial and beyond constitutes a breach of contract, as clearly, $0 is not reasonable. Thus, Westar's assertion that the Court awarded fees without reaching the merits of the case is inaccurate. While the order of immediate payment of fees as an interim remedy for this breach may have the practical effect of granting injunctive relief, it does not appear to this Court that the requirements of 28 U.S.C. § 1292(a)(1) have been met given that the Order can be effectively challenged after the case is final, in the indemnification stage of the proceedings.

Second, even if the Tenth Circuit determines it has jurisdiction, it would have to find that this Court erroneously held that Westar breached its mandatory obligation to advance fees and expenses for the second trial and appeal and that the Court abused its discretion in concluding non-local rates are not per se unreasonable. Westar's claim that the Court erroneously applied a "not per se unreasonable" standard is inaccurate. To the contrary, the Court held that the standard for determining the extent of Westar's advancement obligation was "whether the advancement request was reasonable in the context of overall reasonableness."[6] The Court did not discuss per se unreasonableness in the context of articulating any legal standard, but rather in response to Westar's "set-off" argument justifying its failure to advance any fees for the second trial through appeal, that is, that non-local hourly rates were per se unreasonable as a matter of

---

[6](Doc. 100 at 4.)

4

law. The Court determined in the Supplemental Order that, based on its ruling as a matter of law that the hourly rates of non-local counsel were not per se unreasonable, it was able to conclude that advancement of 50% of the requested fees for the second trial on an interim basis is *reasonable*, even without determining the ultimate hourly rate or remaining issues of fact, which were deferred until the indemnification stage of the proceedings.[7]

Westar also argues that the Court erred by granting partial summary judgment on the basis of questions of fact that cannot be resolved at the summary judgment stage. This argument is belied by Westar's previous request to have the Court assess the reasonableness of Lake's advancement requests as a matter of law based on the record before it.[8] After rejecting Westar's "per se unreasonable" argument, the Court found that 50% advancement of non-local counsel's fees for the second trial through appeal on an interim basis was reasonable in light of the current posture of the proceedings. Accordingly, this factor weighs against granting a stay.

### B. Threat of Irreparable Harm if the Stay is Not Granted

Westar asserts that if a stay is not entered, it must pay over $3.2 million to Lake's lawyers on his behalf. As the Court has extensively discussed in the Order, as well as the Supplemental Order, any interim advancement of fees is subject to an ultimate determination of reasonableness after final resolution of the Criminal Case and subsequent indemnification proceedings. Thus, even if Westar were successful in its appeal of the merits of the Order with respect to hourly rates of non-local counsel, its right to recoup any amounts ultimately deemed

---

[7] *Id.* at 5-6.

[8] (Doc. 66 at 35 n.12) ("It is Westar's position that the non-local hourly rates in Lake's requests for advancement are unreasonable as a matter of law on the evidentiary record now before the court."); (Doc. 80 at ¶ 6) ("Westar is confident that the Court will be able to determine whether the lawyers' time was 'reasonably incurred.'").

5

unreasonable has not been compromised.

Westar argues that if successful on appeal, it will have no recourse to get this money back because Lake does not have sufficient assets to repay the money. This argument is unpersuasive, for the reasons previously cited in the order denying Westar's request for a bond.[9] As the Court recognized, (1) Lake signed the required Undertaking and Westar accepted the allocation of risk without any requirement of security or ability to repay; (2) Westar's advancement provisions necessarily presumed a final determination of the propriety of any advancements at indemnification; and (3) Westar retains potentially forfeitable assets worth millions of dollars.[10] Thus, this factor does not weigh in favor of a stay.

### C.     Threat of Irreparable Harm to Defendant Lake if Stay is Granted

In addition to the threat of irreparable harm to Westar, the Court must consider the harm to defendant Lake if the stay is granted. Westar argues that Lake's failure to seek any relief prior to filing his motion for summary judgment demonstrates that he never believed he was suffering irreparable harm. This argument is disingenuous. When Westar filed the instant action shortly after the second trial, there was no indication that the case would end up in its current posture, with all convictions overturned and a third trial imminent. Further, the instant case was stayed indefinitely on the parties' representation to the Court that the matter had settled. Any delay by Lake in filing his motion for summary judgment cannot be used against him in this manner.

Westar also argues that Lake will not be injured in his ongoing defense since Westar is

---

[9](Doc. 100 at 11-14). The Court held that Fed. R. Civ. P. 65(c) did not apply to the Order, but found, in the alternative, that no bond would be warranted even if it did.

[10]*Id.* at 11-13.

not seeking a stay of the prospective relief for the third trial. Indeed, Blackwell Sanders has entered an appearance in both this and the Criminal Case, despite any prior reservations. Thus, Westar argues, Lake would not be harmed by a stay because he will be able to proceed with new counsel. Westar's assurance that it will not move for a stay of prospective fees is illusory. Westar ignores the fact that, but for its refusal to advance payment for the second trial and appeal, Lake would not be forced to obtain new counsel at this late stage of the criminal case—indeed, while expressing confidence in Blackwell Sanders, he has made clear that he would prefer to keep Hughes Hubbard on as counsel. And, if Westar is likely to succeed on the merits of an appeal that includes a challenge to prospective relief, as it adamantly asserts, Blackwell Sanders or any other firm is likely not to be paid prospectively. This potentially limits Lake's ability to defend himself in the third trial with representation of counsel of choice.

     Westar focuses on irreparable harm as it relates to retrospective relief. Westar characterizes the requests for fees for the second trial and appeal as no longer seeking advancement, since they are no longer in "real time," and thus any delay in payment would not harm Lake. This attempted bifurcation of the advancement issues on appeal is problematic, as the parties are still at the advancement stage, pending final resolution of the Criminal Case and subsequent indemnification proceedings. Clearly, given the Tenth Circuit's reversal of all convictions and third trial, final resolution of the Criminal Case is likely years away. As the Court discussed in its Order, all fees, advanced or refused, are subject to an ultimate determination of reasonableness after final resolution, at the indemnification stage. Any order for advancement of fees will always be, in effect, an interim order, subject to final disposition of the Criminal Case and indemnification determination. Thus, staying advancement of the

retrospective fees for the second trial and appeal would deny Lake the benefit of advancement, which is "forever lost" if not made promptly.[11] Because a stay would serve to deny Lake advancement of the funds that this Court believes he is contractually entitled to, this factor does not weigh in favor of a stay.

### D.      Harm to Public Interest

Because Westar seeks only a stay of that portion of the Order that requires payment of retrospective relief, it argues that a stay would not impact Lake's ability to defend himself on an ongoing basis and should not affect the January 2008 trial date in the Criminal Case. The Court has previously addressed the public policy concerns weighing against permitting a corporation to avoid its mandatory contractual obligation to advance attorneys' fees and effectively nullify a covered executive's rights. Clearly, to be of any value to defendant Lake, advancement must be made promptly, or otherwise the benefit is forever lost because the failure to advance fees affects the counsel he may choose and litigation strategy that he will be able to afford. Staying enforcement of the Order directing advancement of fees is clearly against the public policy of providing corporate officials with interim relief from the personal out-of-pocket financial burden of paying significant ongoing expenses involved with legal proceedings.[12] A stay pending appeal would nullify Lake's right to advancement and allow Westar to, in effect, "run out the clock" on past-due advancements. Thus, Westar's motion is against public policy, and this factor also weighs against a stay.

---

[11](Doc. 82 at 33) (citation omitted).

[12](Doc. 82 at 18.)

*"Immediate" Payment*

Westar also seeks clarification of what the Court meant by "immediate" payment in the Order, as modified, and the Court's assurance that it will not require payment of retrospective fees until any pending motion for stay is resolved. As the Court stated at the hearing, "immediate" has its ordinary meaning, that is, accomplished forthwith and without delay. The Court also recognized, however, that Westar's motion for stay pending appeal, which will ultimately be decided by the Tenth Circuit, may impact the effect of its Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Westar's Motion for Partial Stay Pending Appeal (Doc. 103) is DENIED; Westar's Emergency Motion for Stay (Doc. 101) is DENIED as moot; and Westar's Motion for Clarification (Doc. 106) is GRANTED as set forth above.

IT IS SO ORDERED.

Dated this 10th day of September 2007

                                            S/ Julie A. Robinson
                                            Julie A. Robinson
                                            United States District Judge